IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| BRANDY GWYNN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 24-cv-02622-JPM-tmp |
| v. ) | |
| ) | |
| DUFRESNE SPENCER GROUP, LLC, ) | |
| ) | |
| Defendant. ) | |

### ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTION TO DISMISS

Before the Court is the Report and Recommendation filed by Chief Magistrate Judge Tu M. Pham on January 31, 2025. (ECF No. 15.) The Magistrate Judge recommends the Court deny Defendant Dufresne Spencer Group, LLC's ("Defendant's" or "Dufresne Spencer's") Motion to Dismiss for Lack of Jurisdiction, (ECF No. 13). (ECF No. 15 at PageID 49.) No objections were filed. Time having run, the Court finds no clear error on the face of the record and thus **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** Defendant's Motion.

## I.    BACKGROUND[1]

On September 4, 2024, pro se plaintiff Brandy Gwynn ("Plaintiff" or "Gwynn") filed her Complaint alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e, et seq. (ECF No. 1.) Using the form provided by the Clerk's office to assist pro se litigants, Gwynn listed the defendants in the case caption as DSG Group ("DSG") and

---

[1] This Section incorporates the Proposed Findings of Fact from the Magistrate Judge's Report. (Id. at PageID 49–52.) Receiving no objections thereon, the Court adopts the factual findings absent clear error. See Fed. R. Civ. P. 72(b) advisory committee notes.

Ashley Homestore ("Ashley"). (See id.) Gwynn wrote she was employed by Ashley at 2385 N. Germantown Parkway, in Cordova, Tennessee. (Id. at PageID 1–2.) Gwynn attached to her Complaint the position statement Dufresne Spencer filed with the Equal Employment Opportunity Commission (EEOC) on January 25, 2024. (Id. at PageID 14.) There, Dufresne Spencer identifies itself as "DSG" and admits that Gwynn was employed at one of its furniture stores. (Id.) [2]

At that time, Gwynn also moved the Court to proceed in forma pauperis. (ECF No. 6.) The Magistrate Judge granted Gwynn's application on September 20, 2024, ordering the Clerk to issue process for the named defendants and the U.S. Marshal to serve process in accordance with 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3). (ECF Nos. 8, 9.) Summonses were issued on September 23, 2024. (ECF No. 10.) The U.S. Marshal, however, did not file proof of service with the Court.

On November 15, 2024, Dufresne Spencer filed the instant Motion to Dismiss, arguing (1) the Court lacks personal jurisdiction because service of process was insufficient, and (2) Gwynn did not timely file a complaint against Dufresne Spencer. (ECF Nos. 13, 14.) Gwynn did not file a Response to Dufresne Spencer's Motion. The Magistrate Judge filed his Report and Recommendation on January 31, 2025. (ECF No. 15.) That day, the Magistrate Judge also entered an Order to Amend Case Caption and to Re-Issue and Effect Service of Process as to Dufresne Spencer. (ECF No. 16.)

## II.  LEGAL STANDARDS

### A. Pro Se Complaints

Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011)

---

[2] Notably, the position statement was signed by Dufresne Spencer's counsel of record in the instant case.

2

(citing Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2002)). "In assessing the legal sufficiency of a claim, [the Court] may look to documents attached as exhibits or incorporated by reference into the complaint." Knapp v. City of Columbus, 93 F. App'x 718, 721 (6th Cir. 2004) (citing Amini v. Oberlin Coll., 259 F.3d 493 (6th Cir. 2001)). Even so, pro se litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the Court cannot create a claim that has not been spelled out in a pleading, see Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011).

### B. Report and Recommendation

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed R. Civ. P. 72(b)(2). "When no timely objection is filed, the [C]ourt need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 Addition. The "failure to properly file objections constitutes a waiver of appeal." Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508 (6th Cir. 1991) (citing United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

## III. ANALYSIS

In its Motion to Dismiss, Dufresne Spencer makes three arguments. (See ECF No. 14 at PageID 39, 42.) First, Dufresne Spencer argues it is not subject to the Court's personal jurisdiction because Gwynn did not sue Dufresne Spencer, and neither DSG nor Ashley is a proper party in the case. (Id. at PageID 39.) Second, it argues even if DSG and Ashley were proper parties, Plaintiff failed to effectuate service of process over them. (See id.) Third, Dufresne Spencer argues Gwynn failed to state a claim upon which relief could be granted because she did not file suit within 90 days of receiving her Right to Sue Letter from the EEOC. (Id. at PageID 42.)

Because the Parties filed no objections to the Report and Recommendation, the Court reviews the Magistrate Judge's proposed conclusions of law on these arguments for clear error. See Fed. R. Civ. P. 72(b) advisory committee's note to 1983 Addition. The Court addresses each argument in turn.

### A. Dufresne Spencer, DSG, And Ashley As Proper Parties

Dufresne Spencer argues it has not been sued by Gwynn, and she instead sued two incorrect defendants, DSG and Ashley. (See id. at PageID 39–40.) The Magistrate Judge recommended "Dufresne Spencer 'cannot escape liability just because [Gwynn] incorrectly filed this action under' an incorrect acronym for Dufresne Spencer and one of Dufresne Spencer's trade names." (ECF No. 15 at PageID 53 (quoting Bukovinsky v. McKeen Grp., Inc., No. 2:22-cv-1873, 2023 WL 5153765, at *2 (S.D. Ohio Aug. 10, 2023)).) Rather, the allegations in Gwynn's Complaint clearly led Dufresne Spencer to gain actual notice of the lawsuit. (Id.) The Magistrate Judge concluded allegations clearly demonstrate Gwynn intended to sue Dufresne Spencer. (See id. at PageID 54.)

The Court finds no clear error with the Magistrate Judge's analysis. Indeed, Dufresne Spencer conceded Ashley is listed as an assumed name for Dufresne Spencer on the Tennessee Secretary of State's Business Search website. (See ECF No. 13 at PageID 35.) The central inquiry, however, is not whether Dufresne Spencer was sued under a misnomer, but rather whether it received "actual notice of the lawsuit." See Bukovinsky, 2023 WL 5153765, at *2 (citing Nationwide Mut. Ins. Co. v. Kaufman, 896 F. Supp. 104, 109 (E.D.N.Y 1995)). Here, Dufresne Spencer has appeared in the lawsuit, thus demonstrating it has clear notice of Gwynn's suit. See id. (finding the defendants on notice of the lawsuit where they appeared in the case). Furthermore, the allegations in Gwynn's Complaint and her inclusion of Dufresne Spencer's position statement

therein clearly demonstrate that her Complaint relates to her employment at an Ashley operated by Dufresne Spencer.  (See ECF No. 1.)  Finally, Dufresne Spencer "fails to demonstrate how it has been or would be prejudiced by this technical mistake."  See Bukovinsky, 2023 WL 5153765, at *2.

The Court thus finds no clear error with the Magistrate Judge's proposed conclusion that "under the facts of this case, . . . Gwynn intended to sue Dufresne Spencer."  (ECF No. 15 at PageID 54.)  Accordingly, the Court adopts the conclusion.  See Fed. R. Civ. P. 72(b) advisory committee's note to 1983 Addition.

### B.   Service of Process

Here, Dufresne Spencer appears to argue the Court does not have personal jurisdiction over it based on insufficient service of process on behalf of DSG rather than itself.  (See ECF No. 14 at PageID 42.)  The Magistrate Judge recommended Dufresne Spencer's motion to dismiss be denied as to its improper service of process argument.  (ECF No. 15 at PageID 54.)

The Court finds no clear error with the Magistrate Judge's recommendation.  While DSG may or may not have been correctly served, that does not affect Dufresne Spencer.  Indeed, the primary case on which Dufresne Group relies in making this argument involves the dismissal of a pro se plaintiff's claims against a defendant due to insufficient service of process as to that specific defendant.  (See ECF No. 14 at PageID 42 (citing Jackson v. Transwood, No. 2:17-cv-02039-JTF-cgc, 2018 WL 4381282, at *3 (W.D. Tenn. June 13, 2018), report and recommendation adopted sub nom. Jackson v. TransWood Carriers, Inc., No. 2:17-cv-02039-JTF-cgc, 2018 WL 3219451 (W.D. Tenn. July 2, 2018)).)  Dufresne Group does not argue Gwynn served it improperly.  (See ECF No. 14 at PageID 42.)

The Court thus finds no clear error with the Magistrate Judge's recommendation that "Dufresne Spencer's motion to dismiss be denied as to its improper service of process argument." (ECF No. 15 at PageID 55.) Accordingly, the Court adopts the conclusion. See Fed. R. Civ. P. 72(b) advisory committee's note to 1983 Addition.

### C. Suit Within 90 Days

Finally, Dufresne Spencer argues Gwynn failed to state a claim upon which relief could be granted because she did not sue Dufresne Spencer within 90 days of receiving her Right to Sue Letter from the EEOC. (ECF No. 14 at PageID 42–43.) The Magistrate Judge recommended Dufresne Spencer's Motion be denied as to timeliness because Gwynn filed her Complaint within the 90 day statutory period and Dufresne Spencer received actual notice within those 90 days. (ECF No. 15 at PageID 55–56.)

The Court finds no clear error in the Magistrate Judge's recommendation. Gwynn received her Right to Sue Letter on June 28, 2024. (ECF No. 1 at PageID 12.) She filed her complaint on September 4, 2024. (Id. at PageID 1.) That is within the 90 day period. Furthermore, Dufresne Spencer had clear notice of the Complaint, which relates to Gwynn's employment with Dufresne Spencer. (See supra Section III.A.)

The Court thus finds no clear error with the Magistrate Judge's recommendation that "[t]he complaint was timely filed and . . . that Dufresne Spencer's motion to dismiss be denied as to timeliness under Title VII." (ECF No. 15 at PageID 56.) Accordingly, the Court adopts the conclusion. See Fed. R. Civ. P. 72(b) advisory committee's note to 1983 Addition.

## IV. CONCLUSION

Upon review, the Court finds no clear error and concurs with the Magistrate Judge's findings. The Report and Recommendation is, therefore, **ADOPTED**. Accordingly, Defendant's Motion to Dismiss is **DENIED**.

**SO ORDERED** this 11th day of April, 2025.

                                         */s/ Jon P. McCalla*
                                         JON P. McCALLA
                                         UNITED STATES DISTRICT JUDGE