**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

BRANDY GWYNN,

    Plaintiff,

    v.                              Case No. 2:24-cv-02622-BCL-tmp

DUFRESNE SPENCER GROUP,

    Defendant.

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND
ADOPTING REPORT AND RECOMMENDATION**

Before the Court is Chief Magistrate Judge Tu M. Pham's Report and Recommendation (Doc. 53) on Defendant's Motion for Summary Judgment (Doc. 41). Plaintiff filed objections (Doc. 54) within the allotted fourteen (14) days. For the reasons given below, those objections are **OVERRULED** and the Report is **ADOPTED**. The Motion for Summary Judgment is **GRANTED**.

**STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of certain district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For non-dispositive orders, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). For dispositive matters, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has

been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id*. at 151.

### DISCUSSION

The Court has reviewed the Report and the entire record in this matter and finds no clear error or error of law in the Magistrate Judge's analysis or conclusions.

Plaintiff's main objection is that the Report errs in concluding that she failed to present a prima facie case of race discrimination, namely that she did not present evidence of a sufficiently similar comparator who was treated differently. Doc. 54 at 2. Where, as here, there is no direct evidence of discrimination, a discrimination claim in violation of Title VII is governed by the *McDonnell Douglas* framework, under which "the plaintiff must [first] make a prima facie showing that the defendant acted with a discriminatory motive." *Ames v. Ohio Dep't of Youth Services*, 605 U.S. 303, 306 (2025); *see generally McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973). To do so at the summary judgment stage, the plaintiff must come forward with evidence that she: (1) is a member of a protected class; (2) was qualified for the position; (3) suffered an adverse employment action; and (4) that similarly-situated persons not in the protected class were treated differently. *Thurman v. Yellow Freight Sys. Inc.*, 90 F.3d 1160, 1166 (6th Cir.1996).[1]

---

[1] Plaintiff does not contend that the *McDonnell Douglas* framework has no application at the summary judgment stage. She therefore has forfeited any such argument and the Court applies that framework here. *See Ames*, 605 U.S. at 308 n.2 ("For purposes of this case, we assume without deciding that the *McDonnell Douglas* framework applies at the summary-judgment stage of litigation."); *Paris v. MacAllister Machinery Co.*, 175 F.4th 787, 797 (6th Cir. 2026)

To establish the fourth element, the plaintiff is "not required to demonstrate an exact correlation between himself and others similarly situated; rather, he [has] to show only that he and his proposed comparators were similar in all relevant respects, and that he and his proposed comparators engaged in acts of comparable seriousness." *Bobo v. United Parcel Serv.*, 665 F.3d 741, 751 (6th Cir. 2012), *abrogated on other grounds by Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013). "While the precise aspects of employment that are relevant to determining whether the similarly situated requirement has been satisfied depend on the facts and circumstances of each case, this court has generally focused on whether the plaintiff and the comparable employee: (1) share the same supervisor; (2) are subject to the same standards; and (3) have engaged in the same conduct 'without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Barry v. Noble Metal Processing, Inc.*, 276 F. App'x 477, 480–81 (6th Cir. 2008); *see also Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352-53 (6th Cir. 1998).

Here, Plaintiff has not identified evidence of a similarly situated employee. In her Response in Opposition to Defendant's Motion for Summary Judgment, she erroneously states, "Defendant does not seriously dispute these elements, instead focusing on its asserted legitimate reasons for termination." Doc. 45 at 1; *see* Doc. 41-1 at 9-10 (Defendant urging summary judgment based on lack of evidence of a comparator). Now, after the Magistrate Judge has issued his Report and Recommendation, Plaintiff asserts in her Objections that she identified "Alisha," "a white Visual Presentation Manager ('VPM')" who "worked within the same VPM program, performed substantially similar responsibilities, and were [sic] subject to the same regional management structure." *Id*. at 2. Plaintiff has forfeited this argument by failing to raise it in her summary

---

(applying *McDonnell Douglas* at summary judgment); *Jones v. Ann Arbor Public Schls.*, 2022 WL 4836421, at *3 (6th Cir. 2022) (granting summary judgment based on lack of comparator evidence).

judgment opposition. *See Murr v. United States,* 200 F.3d 895, 902 n.1 (6th Cir. 2000). And the argument fails for the additional and independent reason that Plaintiff includes no citation to the record supporting Alisha's purportedly similar role or function at Defendant and does not even make an allegation or argument (much less with evidence) that Alisha "engaged in the same conduct" but received different treatment from their employer.

To the extent Plaintiff recognizes and attempts to excuse her failure to identify evidence related to Alisha and her supposed status as a comparator ("Plaintiff does not contend that the existing record conclusively establishes comparator status."), Plaintiff argues that Defendant maintains exclusive control of relevant documentation. Doc. 54 at 2. However, the Motion before the Court is one for summary judgment. At this stage, discovery, and any disputes relating to that discovery, should have been addressed; indeed, the discovery period ended on November 24, 2025. Doc. 31 at 2. Plaintiff's objection is therefore **OVERRULED**.

Plaintiff has not identified direct evidence of discrimination and has failed to otherwise establish a prima facie case of employment discrimination. That suffices to require summary judgment, and the Court therefore need not and does not address Plaintiff's remaining objections.

**CONCLUSION**

For the forgoing reasons, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Report and Recommendation. Defendant's Motion for Summary Judgment is **GRANTED.** Judgment for the Defendant will follow.

**IT IS SO ORDERED**, this 23rd day of July, 2026.

s/*Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE